**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00119-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Charles William Bunnell, | |
| Defendant. | |

The Indictment in this case charges Defendant Charles William Bunnell with attempt to commit sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591(a), 1591(b)(1), and 1594(a), and attempt to engage in interstate kidnapping in violation of 18 U.S.C. §§ 1201(a)(1) and (d). It alleges that Defendant committed these crimes between August 23, 2013 and January 24, 2014. Doc. 9.

On February 5, 2014, Magistrate Judge Stephen P. Logan found that Defendant presented a danger to the community and is a serious flight risk and should be detained pending trial. Doc. 19. Defendant has filed a motion for release from custody (Doc. 39) to which the Government has responded (Doc. 40). Defendant has also filed a motion requesting the release of several items (Doc. 41), and the Government has responded (Doc. 42). No party has requested oral argument. For the reasons that follow, the Court will affirm Judge Logan's order and deny Defendant's motions.

**I.    Legal Standard.**

The Court reviews Judge Logan's decision *de novo*. *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The Court must "review the evidence

1 before the magistrate" and any additional evidence submitted by the parties "and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193. Under the Bail Reform Act, Defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure the safety of the community or his appearance at trial. 18 U.S.C. § 3142(e). The government must prove Defendant is a danger to the community by clear and convincing evidence. 18 U.S.C, § 3142(f). It must prove he is a flight risk by a preponderance of the evidence. *See United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

In this case, the Bail Reform Act establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant at trial and the safety of the community. This presumption arises from 18 U.S.C. § 3142(e)(3)(A) and the Indictment's charge that Defendant engaged in attempted sex trafficking by force, fraud, or coercion, which carries a maximum term of life in prison and a mandatory minimum sentence of 15 years. 18 U.S.C. § 1591(b)(1). The statutory presumption imposes a burden of production on Defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption does not disappear if it is rebutted, but instead "'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

**II.   Analysis.**

    **A.   Release from Custody.**

Defendant argues that he is not a flight risk because "[a]ll of [his] family is here[,] [a]s are all of [his] friends and customers." Doc. 39 at 1. He claims that he was born here and lived his entire life here and that he has "dedicated a substantial portion of [his] adult life and physical body to the defense of this country." *Id.* He also contends that he has been unable to accomplish anything in the way of preparing his case for trial after the Court granted his request to represent himself (Doc. 37). *Id.* He states that he is willing

1  to be "GPS tracked" or otherwise monitored. *Id.*

2  The government identifies several facts in response to Defendant's assertions. It
3  notes that Defendant is facing a substantial prison term, which gives Defendant a "very
4  strong incentive to flee the jurisdiction of the court, regardless of any ties to the
5  community." Doc. 40 at 4. The government also notes that Defendant "has a history of
6  failing to appear, multiple probation violations, and an outstanding out-of state warrant."
7  *Id.* at 7. It argues that Defendant has no ties to Arizona and no family ties generally. *Id.*
8  The government also notes that Defendant has stated that he is trained in hypnotherapy
9  and was in possession of the drug Scopolamine at the time of his arrest, and contends that
10 these facts demonstrate that Defendant is a danger to the community. *Id.*

11 Considering the facts proffered by the parties and the factors set forth in 18 U.S.C.
12 § 3142(g), the Court concludes that Defendant has been shown to be danger to the
13 community by clear and convincing evidence and a flight risk by a preponderance of the
14 evidence. Defendant is a resident of California and does not have contact with his
15 family, who reside in California. Defendant's business is located in California.
16 Defendant does not have any discernable ties to Arizona. Defendant's record shows
17 repeated arrests and convictions for driving without a license and violations of his
18 probation, demonstrating an unwillingness to comply with relevant laws and court orders.
19 Defendant is facing a prison term far longer than he faced when he disregarded orders in
20 the past. Defendant was arrested in possession of a sedative as well as materials that
21 could be used to restrain another individual. Defendant is alleged to have communicated
22 with undercover agents over the course of several months for the purpose of purchasing a
23 female sex slave which he intended to transport to California and keep "tied, hooded, and
24 gagged all day long in a soundproof box." Doc. 40 at 6. Defendant has presented
25 nothing to counter these facts, other than unsupported assertions that he is not a flight risk
26 and has ties to the community. Considering all these factors, the Court finds that no
27 condition or combination of conditions will reasonably assure the appearance of
28 Defendant at trial or the safety of the community. In reaching this conclusion, the Court

has also considered the statutory presumption as an evidentiary finding militating against release.

Finally, Defendant is not entitled to release for the purpose of preparing his defense. The Court carefully cautioned Defendant that he would have difficulty preparing his defense from prison, noting that he would lack the resources of outside counsel and would be subject to the restrictions incident to incarceration. Defendant nonetheless elected to terminate his counsel and represent himself. Having heard and knowingly accepted these limitations, he cannot use his self-representation as a reason to be released from pretrial custody.

### B.     Release of Items.

Defendant has also filed a request that several items "currently in FBI evidence" be released to him, including two laptops, a cell phone, $322, and a power shaver. Doc. 41 at 1. Defendant has also requested full access to these items "24/7" along with access to the internet, a "direct dial phone that is not monitored by CCA," and access to a printer. *Id.* Defendant requests that he be allowed to appear in civilian clothing at trial. *Id.* at 2. Defendant has cited to no authority in support of his requests.

The government states that it has already downloaded the contents of Defendant's cell phone and provided him with copies and that it will do the same with the contents of the computers after they have been processed. Doc. 42 at 2. Thus, it appears Defendant will have access to all the information contained on these devices. The Court will not enter an order with respect to Defendant's computers and cell phone absent some showing that the government has failed to comply with its obligations under Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), or other legal disclosure obligations. Defendant has made no such showing. Defendant is advised to become familiar with Rule 16, which governs the procedure for inspecting documents and objects relevant to his defense.

As to Defendant's request for $322.00 and his Norelco shaver, the Court will deny these requests because Defendant has cited no authority that would allow the Court to

grant them. Further, as the government notes, the $322.00 he requests is being held as evidence in this case. Doc. 42 at 4. The government states that it is willing to release his electric shaver to a third party if he provides a name and address. Defendant can provide that information to the government without further involvement of the Court.

As to the Defendant's request for internet access, an unmonitored phone, and printer access to be used in preparing his defense, these requests are denied. Defendant was cautioned about the limitations that would result from his decision to represent himself. Defendant's right of access to legal resources is not unlimited and "must be balanced against the legitimate security needs or resource constraints of the prison." *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1996) (internal citation omitted). Defendant has made no showing that his current access to legal resources is inadequate.

As with all criminal defendants, Defendant will be permitted to appear in civilian clothing at trial.

**IT IS ORDERED:**

1. Judge Logan's order of detention is **affirmed**.
2. Defendant's motion for release from custody (Doc. 39) is **denied**.
3. Defendant's request for release of items (Doc. 41) is **denied**.
4. Defendant's request to appear in civilian clothing at trial is **granted**.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from May 28, 2014.

Dated this 9th day of July, 2014.

_____
David G. Campbell
United States District Judge