**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Charles William Bunnell,<br><br>    Defendant. | No. CR-14-00119-001-PHX-DGC<br><br>**ORDER** |

  Defendant Charles William Bunnell is charged with attempted sex trafficking and attempted interstate kidnapping. The government alleges that Defendant attempted to purchase a non-consenting female sex slave. Defendant, who has elected to represent himself in this action, has asked the Court to issue subpoenas for three categories of information: (1) "all files from the ATF regarding their operation titled 'Fast and Furious'"; (2) "all files about the FBI operation titled 'Trading Block'"; and (3) "all files in the investigation of the ATF Operation titled 'Fast and Furious,' done by the FBI." Doc. 71 at 1-2, 4. The government moves to quash these subpoenas, and the motion to quash is fully briefed. Docs. 78, 90, 92. The Court will grant the government's motion.

  The chief purpose of Rule 17(c) of the Federal Rules of Criminal Procedure is to expedite trial by providing a time and place before trial for the inspection of subpoenaed materials. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Rule 17 is not intended to displace Rule 16, which provides a limited right to discovery in criminal cases, by allowing discovery in the broadest terms. *Id*. Pretrial production of evidence

pursuant to Rule 17(c) is appropriate only when the party seeking a subpoena can show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974).  In other words, the requesting party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id*. at 700.  Defendant has not cleared these hurdles.

Two of the proposed subpoenas seek the files of "Operation Fast and Furious," in which the ATF allegedly allowed illegally purchased guns to be transported to Mexico where some of them later were found at the location of a Border Patrol Agent's murder. Defendant has not shown that the files of this operation are relevant to his case. Operation Fast and Furious was terminated in 2011, more than a year prior to the FBI's identification of Defendant as suspect in this case and two years prior to the indictment of Defendant.  The operation involved weapons offenses instead of human trafficking, a different federal agency, and different tactics than those used in this case.  Defendant has identified no personnel, subjects of investigation, crimes, tactics, or timeframes that are the same as this case.

Defendant asserts, with no supporting citation, that Operation Fast and Furious resulted in all arrested defendants being released on grounds of entrapment (Doc. 9 at 1), an assertion the government denies (Doc. 92 at 2).  Defendant explains:  "I am hoping that the information in the files with the ATF and FBI's investigation, will reveal some useful information to be used in this case." *Id.*  As the Ninth Circuit has explained, however, "Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'" *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (quoting *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981)).

Defendant has also failed to show that information from the Fast and Furious files

would be admissible in this case, and he has failed to satisfy the specificity requirement of Rule 17(c).  The Ninth Circuit has affirmed the quashing of a subpoena when the defendant "did not request specific documents, but sought entire . . . investigation files" as Defendant has done here.  *Id.*

Defendant's proposed subpoena for files from Operation Trading Block, which apparently gave rise to this case, fails for the same reasons.  The government asserts in its motion that "all of the documents within the FBI 'Trading Block' file that relate to Defendant's case and that the government is required to disclose in compliance with its obligations under Rule 16, *Brady*, *Jencks* and *Giglio* either have already been disclosed or will be disclosed within the timelines required by the Rules and case law."  Doc. 78 at 6.  Defendant does not dispute this assertion in his response.  Instead, he argues that the subpoena seeks "to determine the ads used and what media it was [sic] used on, to try and determine and prove that the operation is profiling.  As the only websites they posted to, were websites catering to the Fetish community."  Doc. 90 at 2.  In response, the government states that it has produced the information sought by Defendant:

> The advertisement that was used, from the only forum on which it was posted, was disclosed to the defense at bates numbers 629-641.  Further, the only other means used to advertise the slave auction—a target email sent to individuals including the defendant—was disclosed at bates numbers 1027-1028.  Defendant has therefore already received all of the information he is seeking through the Rule 16 disclosure process[.]

Doc. 92 at 3.

Defendant has not shown that other documents from the Trading Block files would be relevant.  Nor has he sought them with specificity or shown that they would be admissible.  *Nixon*, 418 U.S. at 700.

1   **IT IS ORDERED** that the government's motion to quash (Doc. 78) is **granted**.
2   Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 9/26/2014.
3   Dated this 4th day of November, 2014.

_____
David G. Campbell
United States District Judge