**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR14-00119-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Charles William Bunnell, | |
| Defendant. | |

Defendant requested a sentence reduction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), alleging that he suffers from "an incurable, progressive illness." Doc. 191 at 4. The government filed a response which attached internal Bureau of Prisons ("BOP") tracking records showing that Defendant had not exhausted his administrative remedies. Doc. 193. Because exhaustion is required before a court can entertain a request for sentence reduction under the Act, *see* 18 U.S.C. § 3582(c)(1)(A), the Court denied Defendant's request. Doc. 194.

Defendant then filed a brief stating that he had in fact exhausted his administrative remedies. Doc. 195. He attached an appeal he says he placed in the inmate mail system. *Id.* The government again noted that the appeal does not appear on the internal BOP grievance tracking system, and attached a copy of the latest printout. Doc. 199. Out of an abundance of caution, however, the government addressed the merits of Defendant's request, asserting that he should not be granted a reduction of sentence. *Id.* Defendant has now filed a reply to the government's position on the merits of his request. Doc. 200.

Giving Defendant the benefit of the doubt, the Court will not dismiss his request for non-exhaustion. The document provided by Defendant suggests that he attempted to exhaust his administrative remedies. Doc. 195 at 4. He asserts that he never received a response to his internal appeal, and therefore had no further administrative avenue for relief. *Id.* at 2. The Court will address the merits of his request for a sentence reduction.

**A. First Step Act and Relevant Guidelines.**

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant who has exhausted administrative remedies to file a motion with the district court for a reduction in sentence consistent with the factors outlined in 18 U.S.C. § 3553(a), if the court finds that:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Defendant seeks relief under subpart (i).

Section 1B1.13 of the Sentencing Guidelines sets forth the Commission's policy statement on the reduction of imprisonment under § 3582(c)(1)(A) for medical reasons. Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include "a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)" or "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13, Application Note 1. The Guideline further states that the defendant should not be a danger to the safety of any other person or to the community, as provided in 18 U.S.C.

§ 3142(g). *See* U.S.S.G. § 1B1.13(2). Thus, to be eligible for a reduced sentence, Defendant must demonstrate both the existence of extraordinary and compelling reasons and that he is not a danger to the community.

**B. Analysis.**

Defendant alleges that he suffers from arthritis, sciatica, bulging lumbar discs 2-5, scoliosis, and degenerative disease causing central stenosis in his spine. Doc. 191 at 8. None of these are terminal illnesses, so he must instead demonstrate "a serious physical or medical condition" that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.3, Application Note 1.

Defendant does not meet this criterion. BOP medical records describe Defendant's spinal problems – the primary focus of his briefing – as "mild" or "moderate." Docs. 191 at 13-14, 17-19, 22; 199-1 at 11. In some instances the records describe "severe . . . neural foramina narrowing" and "severe loss of disc height" (Docs. 191 at 17, 21; 199-1 at 11), but the records state that Defendant is "able to perform all of his Activities of Daily Living without any issues" (Doc. 199-1 at 12).[1] Defendant is in wheelchair, as he was at sentencing, and has been assigned to a handicap cell. Doc. 199-1 at 12.

Defendant was convicted and sentenced for conspiracy to purchase a human being to force into sexual slavery. He obtained Scopolamine, a date-rape drug, that he intended to use to keep the slave compliant. Doc. 155, ¶ 12. He drove from California to Arizona to purchase the slave, and packed his car with zip-ties, handcuffs, ropes, high-heeled shoes in the size he believed the slave to be, and the Scopolamine in a blue bulb applicator. *Id.* His attempted slave purchase was part of an FBI sting operation, but he previously was convicted of false imprisonment with violence when he handcuffed a victim while trying to have sex with her, pulled a knife, told her he was going to stab her, and cut her palm and

---

[1] In response to this entry in his medical records, Defendant states: "I cannot exercise, which is causing a deteriorating situation with my blood chemistry . . . [n]ot to mention my overall general health," and "there are somethings that I can not do from a wheelchair." Doc. 200 at 2. Later, he states that he is "only capable of partial self-care," but he provides no details. *Id.* at 3. The Court does not view these statements as refuting the medical records' indication that Defendant can perform his activities of daily living.

middle finger. *Id.* ¶ 31. Defendant also suffers from mental health issues that appear unresolved. *See* Docs. 155, ¶ 54; 177 at 21.

The Court concludes that this case does not present extraordinary and compelling reasons for a reduction in sentence. Although the Court does not doubt that Defendant has serious medical issues, as the Court considered at sentencing, BOP medical records indicate that he is "able to perform all of his Activities of Daily Living without any issues." Doc. 199-1 at 12. And Defendant has not shown that he is not a danger to the community.

**IT IS ORDERED** that Defendant's motion (Doc. 191) is **denied**.

Dated this 15th day of November, 2019.

_____
David G. Campbell
United States District Judge