**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Charles William Bunnell II,<br><br>    Defendant. | No. CR-14-00119-PHX-DGC<br><br>**ORDER** |

Defendant Charles William Bunnell II has filed a motion under 18 U.S.C. § 3583(e) to modify four special conditions of his supervised release or, in the alternative, to vacate the conditions entirely. Doc. 202. The government opposes the motion. Doc. 203. The issues are fully briefed (Docs. 202-04) and no party requests oral argument. For reasons stated below, the Court will deny the motion.

**I.    Background.**

In August 2015, Defendant was sentenced to 108 months' imprisonment for conspiracy to purchase a human being for sexual slavery. Doc. 157 at 1. He appealed to the Ninth Circuit, arguing, among other things, that several conditions of his supervised release were illegal. *See United States v. Bunnell*, 697 F. App'x 574, 575 (9th Cir. 2017). The Ninth Circuit affirmed his conviction and all but one condition, finding the conditions "appropriate in light of his offense and characteristics." *Id.*[1]

---

[1] The Ninth Circuit reversed a condition requiring Defendant to support his dependents and meet other family responsibilities, finding that it was not reasonably related to the nature and circumstances of the offense. 697 F. App'x at 575.

Defendant focuses on Special Conditions 2, 3, 6, and 7 of his supervised release. Doc. 202 at 1-9. Special Condition 2 requires Defendant to attend and participate in periodic polygraph examinations. *See* Doc. 190 at 3. Special Condition 3 states that Defendant shall not possess, view, or otherwise use material depicting sexually explicit conduct or enter any location where the primary function is to provide these prohibited materials. *Id.* Special Condition 6 prohibits Defendant from utilizing any social networking sites without prior written permission from the probation officer. *Id.* Special Condition 7 prohibits Defendant from possessing or using a device with access to any online computer service without the prior written permission of the probation officer. *Id.* at 3-4. Should the probation officer permit such use, Defendant must comply with the conditions of a Computer Use Agreement. *Id.*

**II.     Defendant's Motion to Modify.**

Defendant argues that the Special Conditions violate his Fifth Amendment right against self-incrimination (Condition 2) and his First Amendment right to freedom of speech (Conditions 3, 6, and 7). Doc. 202 at 1-9. While the Court has "authority to modify these conditions upon consideration of certain statutorily enumerated factors," illegality is not one of them. *United States v. Cate*, 971 F.3d 1054, 1058 (9th Cir. 2020). As the Ninth Circuit explained:

> "Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within seven days of the district court's decision, a Rule 35(c) motion. It would frustrate Congress's intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition."

*Id*. (quoting *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002)); *see also United States v. Davis*, 804 F. App'x 757, 758 n.2 (9th Cir. 2020) (to the extent defendant argued that supervised conditions were unconstitutional, the district court "lacked authority to address the argument because it was not made on direct appeal, in a habeas petition, or through a timely Rule 35(c) motion.") (citation omitted); *United States v. Gill*, 583 Fed.

App'x 653 (9th Cir. 2014) ("A district court may not modify the conditions of a defendant's supervised release based on the defendant's claim that a certain condition is illegal.").

Defendant raises additional arguments for the first time in his reply memorandum, including that the Special Conditions will curtail his ability to meet his basic health and social needs and that Special Conditions 2 and 3 – requiring him to participate in polygraph examinations and forbidding him from accessing sexually explicit conduct – would drain the resources of the probation office. Doc. 204 at 2. Because these arguments were raised for the first time in a reply brief, the Court will not consider them. *See Signorelli v. Hughes*, 363 Fed. App'x 455 (9th Cir. 2010) (declining to consider arguments raised by a pro se defendant for the first time in a reply brief). The Court notes, however, that Defendant's probation officer can assist him with his health and social needs.

**IT IS ORDERED** that Defendant's motion to modify (Doc. 202) is **denied**.

Dated this 21st day of January, 2021.

David G. Campbell
Senior United States District Judge

3